Filed 12/15/15  In re C.R. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E063169 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1500212) |
| v. | OPINION |
| C.R., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge. Affirmed.

Allison L. Ehlert, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

The juvenile court adjudged C.R. a ward of the court after he admitted to committing second degree robbery.  C.R. appeals from the court's dispositional order. We affirm.

## FACTS AND PROCEDURE

On the night of December 8-9, 2014, defendant and his older brother each used a handgun to rob three victims of the marijuana they possessed for sale.

On February 18, 2015, the People filed a petition seeking to have C.R. declared a ward of the court under Welfare and Institutions Code section 602.  The People alleged C.R. committed robbery (Pen. Code §§ 211, 215.5, subd. (c)),[1] aggravated assault (§ 245, subd. (a)(1)) and misdemeanor brandishing a firearm (§ 417, subd. (2)(B)).  The People also alleged defendant was armed with a firearm during the commission of the robbery (§ 12022, subd. (a)(1)).

At a pre-trial hearing held on February 26, 2015, in Orange County, defendant admitted the robbery and the People dismissed the other counts and the firearm enhancement.  Also at that hearing the juvenile court found that C.R.'s legal residence is in Riverside County and ordered the case transferred for disposition.

At the transfer-in hearing held on March 9, 2015, the juvenile court ordered C.R. to remain in detention pending the disposition hearing

At the disposition hearing held on March 23, 2015, C.R.'s counsel asked the court to grant C.R. non-wardship probation under Welfare and Institutions Code sections 654.3

---

[1]  Section references are to the Penal Code unless otherwise indicated.

and 725, subdivision (a), on the ground that this was an unusual case in that C.R.'s older brother was a bad influence and the two no longer lived in the same household. The court disagreed, made C.R. a ward of the court and sentenced him to the 33 days in juvenile hall that he had already served.

This appeal from the dispositional order followed.

### DISCUSSION

We appointed counsel to represent C.R. on appeal. After examining the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and a potential arguable issue, and requesting this court conduct an independent review of the record.

We offered C.R. an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
                P. J.

We concur:

HOLLENHORST  
        J.

McKINSTER  
        J.

4